Good afternoon everyone and welcome back to the Ninth Circuit. The only case we have on the calendar this afternoon for argument is Islamic Shura Council of Southern California versus the FBI number 12-55305. Let me just say for the benefit of both counsel Mr. Arul and Ms. Brinkman, we will go ahead and argue your respective positions publicly and then we will adjourn and confer amongst ourselves to see if there is any reason that we need to see either or both of you in camera at that point. So if you would remain in the courtroom after we leave the bench we'll send someone out to let you know whether we're going to need to talk with you further. So counsel you may proceed. May it please the court, Beth Brinkman on behalf of the federal defendants, I'd like to reserve eight minutes of my 20 minutes for rebuttal. We urge that the sanctions ordered here be reversed. Sanctions under Rule 11 are appropriate only in exceptional circumstances and that standard is not met here. The district court correctly ruled that the government provided the plaintiffs with all the information and records to which they were entitled. There also was some confidential law enforcement and national security information to which plaintiffs were not entitled to have disclosed. There was a disagreement between the district court and the government about how that should have been treated and that was based on different understandings of the law. The district court suggested there were other ways the government could have handled it, but the court did not find that the government's arguments were frivolous, did not find any action in bad faith, in fact repeatedly emphasized the good faith of the government attorneys in this case, and also recognized the law that the government had looked to to govern its actions. Now plaintiffs view this case as if an exclusion is at issue, and we can't confirm or deny that, but I wanted to address their legal arguments about exclusions because we believe their legal position is wrong. Records that are excluded from FOIA are by statute not subject to the requirements of FOIA. Thus, when a request is made under FOIA for disclosure of records, anything that would be excluded is not subject to those requirements. It's not responsive to that request. There are other examples of things that wouldn't be responsive. For example, if there was a request for documents that were created from 2001 thereafter, there could be documents from 1995, but that doesn't make them responsive to the request. This is not a frivolous position, even if the district court's contrary view was adopted by this court. First, the statutory text makes clear that such records are not subject to the requirements of FOIA, and the structure of the statute also makes that clear. A response in this situation to a FOIA request addressed what is disclosable under FOIA or subject to exemption in the requirements of FOIA, such as severability, I'm sorry, and redactions, which apply to exemptions. In addition to that text and structure, there is the Attorney General Memorandum from 1987, which is a contemporaneous and long-standing explanation of the government's interpretation of the statute. And as the district court recognized, both that memorandum and legislative history would support the government's interpretation. Ms. Brinkman, I don't remember any discussion of this in the briefs, but is it the government's position that we should give some sort of our deference or Chevron deference to the Attorney General's memorandum that purports to interpret the statute as it was, as it may or may not be applicable here? The question, that's an interesting question, Your Honor. That question of deference was not briefed or raised by the parties, but certainly in the context of sanctions, we would suggest that all of this suggests whether or not, which way you come down on it, it's not sanctionable conduct. And we think that it would be appropriate to look to the Attorney General's certainly long-standing, consistent interpretation here. And I would point out that the only case law that we discuss about, if we're talking about the plaintiff's view of the case's exclusions, is the Benavides case, which was the D.C. Circuit case in which the government, in bank belatedly, raised an explanation that it's not a Glomar response that's appropriate for excluded documents. It is a no response of documents. And the District Court took the extraordinary action of saying, okay, you should have told us about this earlier, but we recognize that that position puts into question our interpretation. And they pulled back that part of the opinion. The same result happened. That was from 1992. And then we've cited to two other District Court cases, the Bauman's case, which was a Judge Tashima case from 1993, and then a Tanks case in the D.C. District Court, both recognizing exactly the procedure that is available for judicial review of exclusions. And that is for a plaintiff to raise that issue. And then there is an in- camera ex-party submission by the government. The plaintiffs did not put that into question here. How many plaintiffs have known to raise it? Well, certainly in other cases, plaintiffs have raised it, Your Honor. For recently, since this case, the ACLU itself has. But it's on the face of the statute, it is clear that any excluded records are not subject to the requirements of FOIA. And indeed, contemporaneously, back in 86 and 87, I think this was well understood. Perhaps the passage of time or less sophisticated requesters might not be aware of it. But Your Honor, the point I really want to urge is, sophisticated requesters also might have an incentive to not raise the issue. In fact, in the original memorandum by the Attorney General in 1987, it mentions the fact that there can be a ploy to suggest that they don't know about it. Because if the issue is raised, it's an ex-party in-camera proceeding before the District Court in which the requester does not play a role. For example, whether there's an investigation of them, or for example, whether or not there's an infiltrator in an organized crime situation. Those are the very sensitive scenarios in which Congress realized that a glomar response was not adequate. And in those scenarios, it's exactly what a requester is trying to do, is to get at information. So it is incumbent on them, if they want judicial review of a claimed alleged exclusion, to raise that issue. But in the meantime, when there is a request that addresses records that are subject to FOIA, the response addresses records that are subject to the requirements of FOIA and the exemptions that apply to that. I guess the main point I want to get back to is whatever we would ultimately agree about on that issue, and we feel firmly and strongly about our view, that view certainly is not subject to sanctions. It's not a requirement that sanctions be issued. We also point out that under Rule 11, by the time the sanctions motion was made, of course, the government had provided confidential law enforcement and national security information to the District Court. The District Court had ruled on the issue. So we also believe that the safe harbor would address the issue here and certainly make clear that sanctions are not appropriate. That's what I'd be interested in hearing from the government. If you look at the District Court's order, the report on the federal rules decision, it appears that the District Court ultimately concluded that the documents to which the plaintiffs were entitled had, in fact, been produced in camera. And yet, the court went ahead, presumably because the court was And then the plaintiffs filed a motion for sanctions. With the amendment to Rule 11, it speaks of 21 days or such other times the court may set. What's the government's position as far as the imposability of sanctions if, in fact, from the government's perspective and perhaps in the District Court's perspective, all that is to be produced was produced two years before this order came out? Is there any authority for your position? What is your view? Yes, Your Honor, we think so. We cite several Ninth Circuit cases in our brief, the Truesdale case being one of them, to make clear that once the court has resolved the matter at issue, and particularly here where there were efforts to address everything that could have been told to the court, that was told to the court, the sanctions are too late. And indeed, this court's circuit's case law, the cases that we do cite in our brief, both our opening and reply brief, address the fact that there doesn't even have to be a technical amendment to a frivolous complaint at times, so long as the party then doesn't rely on the parts that should. So we think that the information and discussion analysis that was provided to the District Court, ex parte and in camera, amply, amply met this court's Rule 11's requirements. So the 21-day rule, from the government's perspective, is really immaterial in this case because the condition precedent to the filing of a Rule 11 motion didn't exist. That is, everything had been cleaned up, the documents had been produced, and the whole idea of the amendment to Rule 11 was to encourage people to comply, ultimately. Is that your perspective? That's exactly, Your Honor. It had already taken place by the time of the motion filing. And I just do want to clearly state for the record, we feel very strongly there was no lying to the court or misleading. We very much regret the misunderstanding that developed in this case, and we did our utmost to try and address that. And that is what the government does, and it's consistent with how the Attorney General did develop a policy for exclusions, for example. If there was some ambiguity that arose or there was a question about that that was raised, then the government does go ex parte in camera to explain that to the court. And we think that that here was a correct approach to take, but certainly not one of sanctions. And I would just want to point out to the court that the Attorney General has taken great strides in various areas of transparency with FOIA, and one of those components actually had to do with the exclusions that plaintiffs have suggested were at issue in this case. And it's available on the Office of Information Policy's website. There's a memorandum in September of 2012 where the Department of Justice has explained that in the future, law enforcement agencies where exclusions would be likely to arise are going to specifically include in answers to the responses a statement that puts right out there on the table in each of those responses the fact that the statute, what the statute we think already makes clear and puts people on notice of, but it's going to be right in the responses that says the statute excludes three categories of records from the requirements of FOIA. And you're put on notice that our response to your request under FOIA, of course, responds only to records that are subject to the requirements of FOIA. So that puts it on the table. The district court's suggestion that there were other avenues that the government could have pursued here really don't take into account the issues that arise when there is confidential law enforcement and national security information that the district court agreed the plaintiffs were not entitled to see. And in those situations, the government, the courts, two proposals just simply don't work. The court suggested on the one hand that we could have submitted an ex parte in camera filing contemporaneous with our original motions. But of course, that would only work if we did that in every single possible law enforcement case. Plaintiffs suggest it could be a narrow category of cases. So every law enforcement case in which there was litigation filed? Yes. Yes. Yes. And we're only talking about the litigation. Why would that be so burdensome? Because exactly what plaintiffs have advocated in earlier stages of this litigation, the opposition to litigating in secret, to unnecessarily filing ex parte in camera documents. There are a multitude of cases. If the court looks at the annual report about the number of FOIA requests that are made, one of the other changes that the current administration has made is that agencies now, as of 2012 or 2011, must track the number of exclusions that they use. And they're also required to consult with the Office of Information Policy. And I can tell you, in that report in 2011, only three out of 99 federal agencies subject to FOIA used exclusions. It was DOJ, DHS, and EPA. That's all well and good. But I'm concerned about the point that Judge Carney raised, which is that he recognized the importance of these exclusions. He recognized the importance of law enforcement and national security. But he said, you know, we've got this separation of powers here. And the executive branch doesn't just get to decide by itself whether the FOIA is being reviewed by the court to determine whether you've properly done that. Just for discussion purposes, let's assume he's correct. Yes. How would the government propose that it comply in a law enforcement setting like this in a way that would protect national security and law enforcement and yet allow the judicial branch to perform its oversight function under FOIA? It's actually exactly what did happen in this case, Your Honor. The district court did review the other information and material that was confidential and agreed with us that it was not subject to disclosure. It did so after the plaintiffs filed the lawsuit, but not before. And so are you suggesting that there would be an in-camera review only when plaintiffs of whatever nature file a lawsuit? Or would this be done as a matter of course? What's the practical implementation plan that the government has in a law enforcement setting? It does only come up when the plaintiffs bring it to action in court. And then it comes up if the plaintiff suggests that there could have been exclusions in play. And we agree there is judicial review. There's no question. We haven't raised that issue. We've cited cases in which Judge Tashima, for example, as a district court judge, had handled it that way, consistent with the 1987 memorandum of the Department of Justice. The Tanks case in the D.C. Circuit, the D.C. District Court also handled that that way. And by adding, for example, this express statement in responses now, it puts right on the table what requesters were on notice from, from the face of the There are certain records that are not subject to FOIA. And again, if I could use my analogy, Your Honor, a FOIA request that asked for documents that were created after 2001. The agency may have documents from 1995. The agency is not under an obligation to say, by the way, we have some older records. They're, they're not subject to the requirements of FOIA. No, they're not, they're not covered within the request. That's right. That, that's, that's, it seems to me that's a different thing. With all due respect, Your Honor, this is a request for documents that are subject to disclosure under FOIA. And the ones that are subject to the requirements of FOIA are, they're either required or they're exemptions. And we have to identify exemptions and segregate and redact, provide Vaughn indexes. None of that applies to subsequent cases. Ultimately, since it's in court, it's up to the court to decide which are subject to disclosure under FOIA. I mean, because we have a lawsuit here. I, I mean, what, what troubles me is that you did not ask for in-camera review. The, you moved for summary judgment on the ground that you had complied and this is all there was. And the district court then said, I think there better be in-camera review so that I can look at this and make the determination. And I, if he had not done that, no one would have known that the, that the government had other documents that might have been, never mind that it was ultimately determined that they weren't subject to disclosure, but that might have been subject to disclosure. Your Honor, if I can just go back, this might seem like semantics, but they're not subject, if there are records that are covered by an exclusion. So, so the request, when I am requesting an agency for records, I only get what is not covered by an exclusion. Then if I go to court and I want to say, I want you to check the exemptions, and by the way, I want you to check to see if there were any excluded records. A plaintiff can do that. Plaintiffs have done that. Certainly, it's not sanctionable conduct for the government to act consistent with that practice that other district courts have followed, that the public and requester community has been on notice since 1987 in that memorandum that that is how the Department of Justice would proceed. So again, I just want to focus on the sanctions here. This is just not fair, Your Honor, to the attorneys and the government involved in this case. I guess the question, though, that I'm struggling with is, would it be an unreasonable burden to ask the government at the same time that it is a court, whenever a FOIA lawsuit is initiated, to simultaneously file an ex parte declaration in camera, which simply tells the district court from the get-go, we either, we did or we did not withhold other documents so that the district court is under no false impressions based on whatever might otherwise be said on the public record. Would that be unduly burdensome? Let me just get the statistic for you. That year where I was talking about before about the exclusions that we're now reporting, there were 147 by the Department of Justice out of 63,000 FOIA requests. But that doesn't tell me how many FOIA lawsuits were filed. It doesn't, Your Honor. But I do have to say that this court's case law has made clear that ex parte in camera filings, and indeed, this is the position that the requesters and the plaintiffs here would be the very first to advocate, that the presumption should not be that something is in camera. There will be litigation about unsealing. There will be allegations of litigating in secret when there is no point in the vast majority of cases. The plaintiffs can come in and do exactly what you said. Your Honor, we'd like you and district court to review if there was anything subject to an exclusion. They are absolutely free to do that. Any time they do that, the government goes in either way and files an ex parte declaration and informs the court right there. The plaintiffs have always had that available. It's always been on notice. And that is how Congress structured the statute. It's not subject to the requirements of FOIA. It's not subject to the exemptions, the aggregability, the Vaughn Index. So plaintiffs have it within their power from the get go to ask for judicial review, to have the court look at it. They may not have the incentive to do so because they don't want an ex parte in camera review by the district court. But that should not allow them to somehow ferret something out in public to which they're not entitled. And if I could just make this clear, one of the really important, I think, objectives here when there is confidential law information and also in cases where there may be an exclusion is that there not be a tip off, for example, in situations that were presented to Congress at that time. No, no. We understand that. I read the statute. I read the legislative history. The question I'm trying to figure out is, is there some innocuous way that in every FOIA lawsuit the court can be told essentially what's going on here right from the get go? Yes. And, I mean, is there a problem with the Central District of California's rule on how ex parte filings are made? Because, I mean, you litigate in a lot of different districts besides the Central District of California. I thought that almost every clerk's office makes a notation on the public docket that there has been a sealed filing. And that's all it says, but it records the fact. That is why an ex parte sealed application is a tip off. But the problem is not unique to the Central District of California's rule. It's not. But I really think, Your Honor, if you look at what the government has now done in the September 2012 memorandum, this will be, if you will, part of the record now. It's going to be in the response of every law enforcement. Say, right here. So even the unsophisticated requester will know that there could be records that are not subject to these requirements. Certainly sophisticated requesters well knew that. All right. We let you run over. I'll give you a little bit of time in rebuttal, but I do want to hear from the requester. Thank you, Your Honor.  for the plaintiffs. It's nice to see you all again. Always a pleasure to have you in court. Thank you, Your Honor. The government's account of what happened here just cannot be reconciled with the conduct that actually took place in the district court. Because the government statements that were replete with false statements were made not only to us, but were actually made to the district court. And that is what Judge Carney found when he ordered the sanctions in this case. And I would particularly point the court's attention to the summary judgment briefing, particularly ER 118 to 119. Because you can see there the government makes an argument that defendants have properly withheld information. And of course, withheld is not a term of art except insofar as it's in the judicial review provisions of statute under A4B of FOIA, Your Honor. And there the government cites a set of cases which are certainly correct cases, which hold that a district court can grant a summary judgment motion in a FOIA case solely on the basis of the declarations that have been presented on the public record if they are sufficiently detailed, without any need for in-camera review. And the government said, the end of that paragraph says, if affidavits contain a reasonably detailed description, the district court, quote, need look no further. And then cited a case which is the case saying, or it was quoting a case saying, need look no further. Now the very next line in the government's brief is, all of the information withheld by the Department of Justice here plainly falls within exemptions to FOIA's disclosure requirements. And then they cite several sections of Section B. Then they cite the Hardy Declaration. So the government was trying to get the district court to decide the case on summary judgment without doing any ex parte review of any documents. And they did that not only in that filing, but then even So, but their argument here, insofar as I understand it, is that you should have asked for an ex parte review. But, Your Honor, the Rule 11 violation is complete at the moment that the filing is in. So regardless of what we should have done, that's the holding of the Supreme Court in Cooter. The violation is complete when you have filed a statement with no factual support in the district court. And once that is done, then we're only talking safe harbor, which I'll get to. I want to answer. Well, there's a little bit more to it than that. I mean, the rule also contemplates that if the party takes a legal position with regard to its actions, which is not frivolous, then it may be inappropriate to award sanctions. And as I understand the government's argument, they're a congressional statute here, and we have an attorney general's memorandum. We did not frivolously litigate this matter. We thought we had a bona fide argument that may or may not be correct. Right. So two points about that. And the district court did find that there was no bad faith. Right. Let me address all of those. Whatever that means. Yes. Let me let me address all those. So first of all, there's two sections of Rule 11 that are implicated here, or potentially three, right? B2 is a bout frivolous legal arguments, and then B3 and 4 are about factual claims. And the district court's order, as I read it, is holding in the alternative. There's the heading which says the factual claims are untenable, and then there's a section saying legal claims are untenable. So their argument that their overall legal position is not frivolous, right, in our view, it may go to the second of those. But there's statement after statement in the summary judgment filing, Your Honor, that don't have to do with any interpretation of the word responsive. I mean, they say But now we're arguing, I guess the question that raises for me is, are we talking about a factual misrepresentation or a legal misrepresentation in the face of a statute that contemplates that document? Let's take, I'll give you a hypothetical, an organized crime investigation. And the request is made by La Cosa Nostra because they want to determine whether there's a mole inside the family that's cooperating with the FBI. And as I understand the purpose of the statute, it is to protect from disclosure that very fact. And so, Your Honor And so, if there are bureau records that are withheld that would reveal the existence of the informant and the fact that the informant is providing information on the mafia, and they want to find that out so they can rub him out, the statute says you don't have to treat that document as if it's even covered under the FOIA statute. So that is, in my mind, a difference between a legal and sort of a factual misrepresentation. Right, Your Honor. So I don't believe that that is a correct interpretation of the statute, and I want to explain why in a minute. I don't think that that's a correct interpretation. They animated Congress to enact the statute? No, Your Honor. I read some congressional testimony where they talked exactly about organized crime investigation. They did describe, they were talking about that, but the director of the FBI, William Webster, wrote a letter to Congress, and this is in our excerpts, saying that the purpose of the statute is to authorize GLOMAR responses, right? And GLOMAR responses are different from saying no responsive records. A GLOMAR response may or may not solve the problem, depending on how the request is framed. Well, for the CIA and for the NSA, for the agencies that protect the most important secret information in our republic, it solves the problem, Your Honor. And the reason it does, Your Honor, is because what they do in those cases is they take all of the cases in which there is actually information, where even the fact of the existence of the information is classified, right, and cannot be revealed. They take all of those, and they give a GLOMAR response in those. They say, we cannot confirm or deny the existence of records in these documents. Then they take some other class of FOIA responses, and no one outside the agency knows what that class is, but they've made a judgment that it's a class big enough that it doesn't tip anybody off. And here we're talking about, you know, the Soviet Union since, you know, for however many years, you know, these things have been around. And certainly in 1986, you know, that Congress knew that, but this problem existed long before, and they're doing GLOMAR responses under the National Security Act for the NSA, the CIA Information Act for the CIA. And here what happens in the subsection C is it's giving the FBI, it's giving three different agencies, right, the FBI, I shouldn't say three different agencies, under three different provisions, it's giving law enforcement agencies, including the DEA and the FBI, statutory authority to do the same thing that the CIA and the NSA have been doing pursuant to their own statutes. And that was the understanding of the director of the FBI when he wrote to Congress about it. But then his lawyer, the attorney general, wrote a legal memorandum in which he said, Director Webster, here's how I want your FOIA staff to respond to these kinds of inquiries in order to protect the integrity of our work. Right. And I think the main thing I would say about that, Your Honor, is, you know, we disagree with the attorney general's interpretation. We don't like his legal advice, but that doesn't mean that the department took a frivolous position when it relied upon that legal advice in doing whatever it did. Yes, but Your Honor, he makes very clear in that memo that there has to be judicial review of these. He calls it careful, now I've, he said, rigorous review of the correctness of the exclusions. Okay, so what's wrong with the proposal that I made to Ms. Brinkman about the way to resolve this thing, to make sure that the district court judge is fully informed from the initiation of the litigation, is to have the government to file, in every case, some kind of an in-camera ex parte declaration that lets the district judge know exactly how this particular request was handled and why. Your Honor, I think there's about five different ways that you could solve this problem. That is certainly one way you could solve the problem. Doing GLOMAR responses, like what the CIA and the NSA do, is another way to solve the problem. Doing what the court actually, what the government actually told the court in Benavides, which is not what they did here, which is no records subject to the requirements of FOIA have been found, would also solve the problem. But you, so what they said here, in your, was what? Well, there's so many statements, Your Honor. On that one, they just said, no responsive records. But it's a mistake to limit the violation to that statement. Because they also said, no pages were withheld in full. They also said, none of the documents outside of the scope relate or refer to any of the plaintiffs. But I'm still not understanding why, when that, when that, because a lot of that occurred, you were aware of it. Why, what, I still not quite understand your response to the government's position that you should have asked for in-camera review. Your Honor, the violations of Rule 11, if they occur, right, which I realize we're having a discussion about that. But in our view, let's assume for a minute that when the statements are made and they are false, the rule violation is complete, right? At that point, there is a sanctionable, there's sanctionable conduct, unless you get safe harbor. Now, we have no idea what is happening. So, you know, we, we don't know what's happening. As soon as we have an inkling of what's happening, then we, well, actually, we're in the process of seeking re-hearing here. We ask the district court, you know, for time, essentially, which the court gave us. And then we file the sanctions motion. And there's no conduct in between there. You know, in fact, the cases, the government's now sort of drifting into safe harbor a little bit. But, you know, we don't delay. You know, I can talk about that more, but we don't delay in any kind of unreasonable way, right? As soon as we understand what is happening and the re-hearing process finishes here, we serve the motion, we wait 21 days. I had a conversation on the phone with Mr. Tyler and Ms. Soles, and they said, we don't have to make any correction. And then we file the motion. So, there's nothing more that we could have done in order to. No, I'm talking about long before. Right. As to what the government's obligation was when it took, not in bad faith, whatever that means, the position that they didn't have to provide anything more if it was their view that it was excluded. Right, and I think, Your Honor, that we were just as confused as the district court. You know, both of us read the statements as they are read under ordinary English language. No pages were withheld in full, means there aren't lots of pages that were withheld in full. Out all of the documents that we're redacting do not relate or refer to any of the plaintiffs, means that they don't really refer to the plaintiffs. And this doesn't have to do with your interpretation of responsive or withholding or other things like that. These are just false statements. Let's take, just for discussion purposes, let's assume you're absolutely correct. And the district court certainly takes a strong position in its order about what it considers to be blatant misrepresentations or lies, however you want to call them. But the reality is, if I understand it correctly, at the end of the day, the district court said, okay, what I now have completes the obligation of the government. And do you disagree with that? I disagree. Putting the sanctions aside, just focusing on the documents. Yes, Your Honor, the disclosure obligation, we didn't appeal. I understand. We could have appealed. Even after the sanctions motion was done, we could have appealed the merits of the summary judgment ruling, which is important. So the case was not over, but we didn't appeal, and so now we're not entitled to any more documents. So again, I'm just trying to narrow the issues here a little bit. So from your perspective and from the government's perspective, whether you agreed with it or not, the fact is that ultimately, the district court wrestled with the government of the ground from your perspective or from the government's perspective. It just had further discussions and clarified things. But the reality is, no further documents were required under the submission. Is that correct? Yes, Your Honor, but this case is about much more than the particular documents in this case. Bear with me, will you? Yes, Your Honor. Okay, so the government takes this perspective. You agree. The district court says, okay, we've got what they're entitled to right now. So then you have the Rule 11. Admittedly, the district court was angry that its own reputation had perhaps been besmirched because it made a representation reliance on the government. The district court was upset. We get that. The question, though, is under Rule 11, and particularly with the amendments to Rule 11, the whole idea is not to sanction people, but to get them to comply. You don't even have to withdraw a pleading if it's clear they're not going to rely on it or they can correct it or whatever. So if the government submitted all that it's supposed to, even if it's done all the horrible things that the district court thought it had and that you feel that it had, does the ability to award sanctions disappear because the offense, in the sense of the documentation, has been perched? In other words, it's been satisfied? I think no, Your Honor, for a couple of reasons. First, and I want to distinguish between two different arguments that the government is making. The government that the argument raised below and raised in their opening brief is that their statement to the district court in camera cured whatever the violation was. Their other argument in their reply brief for the first time is, so we believe is waived, is the argument that essentially the case was over and because the case was over it was too late for them to correct things. And on the second one, I'll just say very briefly, the case is obviously not over. We could have appealed the summary judgment motion. And if we had appealed the summary judgment motion, the only public documents that explain what the government's briefing position is in the summary judgment are these same documents, which are full of false statements, that are still on the public record. And that really goes to the core of why it's not true. And the district court found this. It's footnote two, ER9, the district court found as a factual matter that the government did not on its own correct things. It had only changed or done whatever it did after the district court had confronted the government and also that they had not made a correction to satisfy whatever they had to do. And I think that correction is the striking, the withdrawal of false statements in several different documents, the statement of uncontroverted facts, the declaration. Help me if I'm wrong about this. I agree with you in a normal litigation posture. You'd almost certainly be correct. But in this situation, my impression from reading what the district judge says in his order here is that he's gone through and he's looked at these things. He's upset with what he considers to be misrepresentations. But once he understands their position, he says, oh, you know, okay, given the inclusion and so on, I'm okay with this. Now, that doesn't help you. You don't know about it. You don't see the details. But the district judge seems to be satisfied that the requirements of FOIA have been completed with his pushing and pulling and ordering. I agree with all of that. What I'm struggling with here is, and I'm in no way condoning what the government did in this, its approach, but under Rule 11, as I understand it, and where I'm looking for your help on this, is if the district judge in fact says, you know, I don't like what you did, but you've now complied with FOIA, I'm wondering where the predicate that's necessary to impose Rule 11 sanctions comes from. Sure, Your Honor. The predicate is the false statements that are still on the docket. These documents are not withdrawn by the government. As I said, if we appeal, those are the only public information. The government could have. It could have. What they should have done is during the safe harbor, they should have withdrawn those documents. But the problem is that if you appealed, we're going to have everything. We're going to have both what's on the public record and what happened in camera. And we'll review the entire record. So in that respect, we're not going to be misled as to what happened here. So ultimately, I hope, justice will be done because of the fact that you've got a court of review that can look at the big picture here. Well, let me give you an example of that, Your Honor. The reply brief at page five. It cites the April 2009 Judge Carney's order as a way of describing what the government did under subsection B. Now, as it turns out, that description is wrong because that order is vacated. And there's a public order on the docket from Judge Carney saying that document is vacated in all capitals in its entirety. If you were going back to review their brief and this came up and you look at that, I'm sure you or someone working with you would look and see and say, oh, no, this citation is an error because there's a public document that clarifies that. But we also see on the docket that there was an order entered vacating that order. Exactly. Exactly, Your Honor. And that's what we need here, or what we used to need here, but it should have happened in 21 days. What we needed was a filing from the government that withdrew these false statements, that withdrew and either replaced them with in-camera documents entirely. After our decision, after it had gone down on remand? Well, I think Rule 11 requires it to happen in 21 days, you know, in those 21 days. But certainly we'd be in a radically different position if they had done that at some other point, you know, and this argument would be much harder than it is. But you heard today the government's claim is still, and they made this argument below it, this is a misunderstanding, this is a difference of legal interpretation. Those statements, no responsive records, no documents withheld in full. I don't understand. You mean after a whole, after we've had this whole litigation and an opinion that says that they are supposed to be done, been more open that because those old statements, positions are still on the docket? Yes, Your Honor, because remember, if the court does not condone what the government did here, right, the holding of this opinion is not going to be, if you reverse the sanctions order, the holding of the opinion, no matter what you say, is going to be the sanctions order is reversed. And in Benavidez, this is exactly what happened 20 years ago. The V.C. Circuit held that this provision only authorizes Glomar responses. Then the government came and said, what we recommend is no records subject to the requirements of FOIA, which would have been fine. But that's not what they do. What they do is something different. And then 20 years goes by. And how would anyone know? Because as you were saying, Your Honor, I mean, maybe one or two people, they cite two cases in 20 years, figure this out. And hopefully there will be some more that figure it out now. But what is the likelihood that there's actually going to be judicial review? I mean, how many times have district courts taken those declarations at face value, failed to conduct judicial review as required by FOIA, and as a result of that, been misled and had the opinions on the books mislead? Well, that brings us back to my suggestion that maybe there's a better procedure here. And we can write an opinion and say, here is the procedure that should be followed. Maybe we should refer it to one of the rules committees of the Judicial Conference that says in this particular type of case, here's how the district court should and the parties should handle these matters. I mean, it seems to me that what you're arguing is that the only way to correct the record is to tell you everything, and the statute says no. But no, Your Honor. If they could withdraw these documents or had filed GLOMAR responses or done any of these other things we're talking about, we would not know anything more than we would have known. So we absolutely are not saying that the government had an obligation to give us information that is not required to give us under statute. Our argument is just, I mean, I guess in my view, the court's task is in some ways more modest than what you describe, Your Honor. There's a Rule 11 motion here. It is based on an argument that either there's a bunch of false statements or any interpretation of Rule 11 that forecloses judicial review in the overwhelming majority of cases, which their interpretation clearly does, is, you know, justifies sanctions. The court doesn't need to decide for the government whether it should adopt the CIA and the NSA's approach or whether it should adopt the Benavidez approach. The Citizens Guide says something different. The government's own Citizens Guide says that the response should be no disclosable documents under FOIA. Your position is, I want to be sure I understand this correctly, all we have before us now is Rule 11. That's all it is. And so what we're going to be deciding is whether under the facts of this situation, a Rule 11 sanction can go forward. It was an abuse of discretion. No, I understand that. But abuse of discretion also depends on whether the judges follow the law. Yes, Your Honor. So in this case, the question gets to be, from my perspective, you know, what was FOIA complied with at some earlier point? Your position, I know, is no. You've got these documents on the public record and they're lies, but. Your Honor, to me, if they make a filing which has a bunch of false statements in it or frivolous legal arguments, and they still comply with FOIA, right, there's still a Rule 11 violation. I don't really understand. Are you really arguing that after a case has proceeded to final judgment, that because it turns out that during the course of the litigation that there were positions taken that were without foundation, that you can move for Rule 11 sanctions? No, Your Honor. Why isn't this? I mean, there's law that says you can't do that after everything's been litigated. And I'm not sure I understand why everything hasn't been litigated. Because I think I can help you with that, Your Honor. We, the district court issues its opinion. And the holding of that opinion is you are not entitled, us, are not entitled to any more documents. So it's a summary judgment order against us. And then it has all these statements in it condemning the government for making false statements. We then file the Rule 11 motion. And the case is not over. We can't even appeal the summary judgment ruling yet. So the case is live. What year are we in now? We are now in 2010. One moment, Your Honor. I'll tell you exactly. The district court's order is in April 2011. That's the one in the federal rules decision, right, that you're appealing on, right? Yes, I believe so, Your Honor. Let me make sure that's true. Yes. Yes, Your Honor. And then after that, it's April 27, 2011, it's docket 98 in the district court.  So we ask, then the district court issues an order to show cause, shouldn't I dismiss this case? And we say, well, please don't dismiss the case now because there's a rehearing petition going on, and it may change what happens down here. The court says, fine. We wait for some time, right? And then we file our sanctions motion. And we serve our sanctions motion first, right? And then we go 21 days, and then we file the sanctions motion. We're still not done. Then we litigate the sanctions motion. We still don't have a final judgment, Your Honor. And then what happens is we win the sanctions motion, and then we file a request, Rule 68, I think it is, because we don't have a final piece of paper, right? So we file the request for the piece of paper, and we make that request, I don't have the date, but I know it's after the sanctions order comes down. So it's after November, oh, here it is. It's January 25, 2012. We make that request. The court grants it. I think actually what I may have, the court grants it on January 30, 2012. That is the day that is analogous to the day in retail flooring, the day in Truesdale, these other cases, when the case is over. It's analogous to the situation where you have a complaint, and that operative complaint is gone because it's dismissed. And of course, by that time, we had done the safe harbor. We had actually gotten the sanctions order. So this is not in any way analogous to situations. It's a little confusing, I think. I had trouble with this when I was first reading those cases because, Your Honor, those are all about complaints. And of course, when you file an amended complaint, that sort of kills off the first complaint. But here, we've got a summary judgment ruling. It's totally different. The other difference, Your Honor, is those people are lost, which is what you'd expect usually happens when you file a sanctionable motion. We're in this unusual position. The government won. But as a result, there was absolutely no way that you could say this case was over. The case was absolutely live, and we had every right to, the government, I guess the critical thing is the government had the opportunity, while the case was still live in those 21 days, to withdraw its pleadings. The government could easily have filed a motion to withdraw its pleadings and just replace them with in-camera filings saying whatever they had to say. But its perspective, as I understand it, is, was, hey, you know, we made the corrections that were necessary two years ago. Right, and Judge Carney, Your Honor. No, he didn't agree with that. He did not agree with that. District judge. He did not agree with that. And on this issue of is the case over and did they have an opportunity, he didn't even have a chance because this argument isn't made below or in the opening brief. I think we have your position well in mind. Thank you very much. Thank you very much. And we'll give the government a couple of minutes for a rebuttal. Your Honor, I think the argument of counsel amply demonstrates that at the core of this, at the bottom of this, is a difference in legal interpretation. And there were not false statements made in these documents based on the government's view of the law. One can agree with that or not. Counsel, let me just suggest to you that you have trouble with me on that one anyway. But let's assume that there were lies and misrepresentations, even in the scope of the exclusions. Were they purged by what the district court and the government did in camera as it ultimately came out? And on what basis do you make that statement? If I could just for one moment, Your Honor, I think this has to do with confidential law enforcement and national security information, which as a matter of law, the court agreed the plaintiff's no right to. So there was a response given to a request for information under FOIA. The court agreed this is not information under FOIA. So I just want to set that aside. I think that is a poor legal. And I respect, Your Honor, I think Judge Schroeder also indicated perhaps disagreement with us on that. But I just want to make that clear that whatever that is, it's based on a legal disagreement. I understand that part. But going to your question, yes. Certainly, when we had an ex-party in-camera submission to the district court and provided him all of the context, all of the information, he was satisfied with that. And he corrected what he thought was a misunderstanding or a misstatement that he had made in his opinions. There was not something further for the government to do. Indeed, that would violate the core principle in a situation like this where that kind of confidential information is at stake or under plaintiff's view in situations that involve exclusions, for example, those types of cases to somehow put something on the record by, you know, withdrawing something. Really, the plaintiffs here, to an extent, slept on their rights. They are well available to ask for judicial review if anything was excluded. It's right on the face of the statutes, right now in the memorandum. That can always be asked. We have examples of cases where just that has happened. But in this case, it was the court that asked for it. After their motion for summary judgment was filed, and the district court was upset that there were certain statements that had little to do with the exclusion. I mean, and I'm just giving a hypothetical. You know, the statement was made that so many people were named in certain documents. And then it turned out to be many more people were named in documents. Now, that has nothing to do with the exclusions. So I'm just saying, if that's true, and I don't know whether it's or not, but if that's true, then what do we do with that? If there were outright misrepresentations made to the district court, but the district court was satisfied with the FOIA response, ultimately, what do we do with the misrepresentations? Certainly, they are not subject to rule of 11 sanctions. Because? Because the statements were made based on a legal interpretation, a longstanding legal interpretation that is not frivolous, that has been adopted by at least two reported district court opinions, which the DC Circuit recognized was a viable, perhaps they didn't choose between the interpretations there. And the district court itself, in one of the hearings, recognized there was legislative history and a 20-plus-year-old attorney general memorandum to the contrary. So whatever it is, it was based on a non-frivolous legal interpretation. The district court took the position, you can do that to the requesters, but you can't do it to me. What do you think of that? The whole point of confidential information, and in cases where plain and suggest exclusions apply, is for those cases to be treated the same, both to the requester and in public litigation. So whether or not it's organized crime, trying to ferret out an infiltrator, or whether it's not an individual trying to ferret out whether or not they're subject to an investigation by federal law enforcement, that those answers be the same. And that's why the district court's proposal of an ex-party in-camera submission or a GLOMAR response don't work. Indeed, that's one of the reasons the exclusion was enacted. And we're, of course, talking about all of this is open. It's all public stuff. We're not talking about anything else. So it's your position that in these law enforcement situations, that even though from the district court's perspective, it is not accurate, and even though it's based upon exclusion, you have to say the same thing to the requester and the district court. A FOIA request has to do with records that are subject to FOIA. If the plaintiff wants to ask about things that aren't subject to FOIA, it's absolutely subject to judicial review, and they can ask about that. That is our position. There's just no problem with that. There's no attempt to avoid judicial review here, nothing. We're complying with the language of the statute. The structure of the statute makes clear that it's only exemptions that apply to the segregable requirement, the redactions, the VON, all of that. So really, that is our position. It's certainly not subject to sanctions. And one red herring that plaintiffs keep mentioning are other agencies like the NSA and CIA. There's another exemption, for example, that Exemption 3, that says certain statutes just take things out of FOIA by law. So different agencies have different statutory requirements to them. That's that red herring I just wanted to point out, not to confuse the court. Ms. Brinkman, I think we have both parties' positions well in mind. What I would like to do now is adjourn, confer briefly with the panel to decide whether or not we need to hear anything more. And we'll let you know if you just stand by in the courtroom here. Thank you, Your Honor. I just want to say this statement in closing. Whatever the disagreement may be, we really urge you to reverse the sanctions order here. We get that. Thank you. We understand your position. All right. We'll be here. We're shocked that you're advocating that.
judges: Schroeder, Tallman, Smith